## Watkins Produce Co., Inc., v. Kanitsky et al.

*G. Ovington, Jr.,* for plaintiff.

*N. Stein* and *J. E. Gold,* for defendants.

BOK, P. J., June 14, 1949.—This is an action for damages sustained by plaintiff as the result of a writ of foreign attachment, brought against its truck by defendants, having been quashed. Defendants, after answering, counterclaim for damages suffered by them

as a result of a prior attachment issued against their automobile by plaintiff in Georgia.

Preliminary objections have been filed by plaintiff to the counterclaims on the theory that such a counterclaim as this is not justified under Pa. R. C. P. 1046. This rule reads:

"A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

The preliminary objections must be sustained.

The cause of action is the foreign attachment here. The affair in Georgia may or may not have anything to do with it. Plaintiff there attached defendants' La Salle car: here defendants unsuccessfully tried to attach plaintiff's truck. The Georgia attachment occurred on February 2, 1948: the foreign attachment here occurred on February 13, 1948. There are several reasons why I cannot regard these two events as connected. One is that it nowhere appears that the Georgia action was terminated: all that the counterclaims say is that on March 15th the La Salle car "was released". There may yet be an open lawsuit in Georgia that might justify or fail to justify the seizure, and I can see no warrant in law or common sense for taking over the Georgia litigation.

Nor does it appear that the two attachments are connected. Merely because two people separately attach each other's property does not mean that they are at odds over the same thing. These parties may have a series of independent disputes, for all I know: there could be broken contracts, book accounts, tort actions, and a variety of troubles that could result in an attachment.

Under rule 1046 the "cause of action" is single, although the legal aspects may be multiple. The only cause of action before me is the foreign attachment

begun and unsuccessfully concluded by defendants here.

Defendants complain that if their counterclaims are considered invalid here they will have no forum. They still have Georgia, where they had success, presumably as a result of their efforts, in getting their car released. If there is an action of malicious use or abuse of process in Georgia, they can assert it: if there is none, that is no reason for me to invent one in Pennsylvania just because the parties happen to be in court over something else.

The case of Jones v. Auto Rental Co., 63 D. & C. 207 (1948), cited by defendants, is of no help, for that case involved the rental of a truck which was damaged while plaintiff was driving it. Defendant arrested him, unsuccessfully, for renting a motor vehicle with intent to defraud, and plaintiff sued him for malicious prosecution. Defendant counterclaimed for the rental and repair bill, and the court approved this procedure since both claims grew out of a single dispute.

More persuasive is Mann v. Diamond, 56 D. & C. 347 (1946), which was decided before rule 1046 became effective. The rule was mentioned and discussed. The case involved a suit for damages resulting from an assault and battery. The counterclaim asserted that parent plaintiff had also beaten minor defendant. A petition to file the counterclaim was refused on the ground that the two assaults were separate.

My conclusion is that Pa. R. C. P. 1046 was not intended to allow two parties to try in one suit every cause of action that exists between them, connected or not, but rather to try in one suit all claims and phases that grow out of a single cause of action. If it were otherwise, confusion would be confounded.

The preliminary objections are sustained, and the counterclaims are stricken off.